FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 0 4 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

RECEIVED

APR 2 7 2005

U.S. PROBATION
OFFICE RICHLAND

UNITED STATES OF AMERICA

v.                                                    CR-04-6042-WFN

Lloyd Edward Pielstick

## AGREEMENT FOR PRETRIAL DIVERSION

It appearing that you are reported to have committed an offense against the United States on or about March 24, 2004, in violation of Title 18, United States Code, Section 922(a)(6), to wit: Making a False Statement in the Acquisition of a Firearm, Count 1 of the Indictment, and upon your accepting responsibility for this act, and it further appearing, after an investigation of the offense, and your background, that the interest of the United States and your own interest and the interest of justice will be served by the following procedure; therefore,

On the authority of the Attorney General of the United States, by James A. McDevitt, United States Attorney for the Eastern District of Washington, prosecution in this district for this offense shall be deferred for a period of 12 months from the date of filing of this Pretrial Diversion Agreement in the United States District Court for the Eastern Judicial District of Washington, provided that you abide by the following conditions and the requirements of the program set out below.

The pretrial diversion may be terminated prior to the expiration of 12 months at the Government's discretion. The Government may move to dismiss the indictment and terminate the pretrial diversion program upon the recommendation of the supervising probation officer, following the satisfactory completion of all of the terms and conditions of the diversion agreement.

Should you violate any of the conditions of this agreement or the terms and conditions of your supervision, the United States Attorney may revoke or modify any conditions of this Pretrial Diversion Program or change the period of supervision which shall in no case exceed 16 months. Or the United States Attorney may at

P00908KV.GSA                           1

any time within the period of your supervision initiate prosecution for the offense with which you are charged, should you violate the conditions of this agreement or the terms and conditions of your supervision, and will furnish you with notice specifying the conditions of your program which you have violated.

If, upon completion of your period of supervision, a pretrial diversion report is received to the effect that you have complied with all the rules, regulations, and conditions above-mentioned, no prosecution for the offense set out in this Agreement will be instituted in this district and any indictment or information will be discharged.

<u>CONDITIONS OF PRETRIAL DIVERSION</u>

1.    You shall not violate any law: federal, state, or local (excluding minor traffic infractions).  You shall immediately contact your supervising probation officer if arrested and/or questioned by any law enforcement officer.

2.    You shall maintain lawful employment during the term of this agreement and otherwise comply with the terms of the community service program described below. If your work should be terminated, you shall notify your supervising probation officer at once.

3.    You shall report to your supervising probation officer as directed and keep him informed of your whereabouts.

4.    You shall perform 50 hours of community service at the discretion and direction of your supervising probation officer, and at a location approved by the supervising probation officer.

5.    You shall refrain from unlawfully consuming or possessing any controlled substance and you shall refrain from the excessive consumption of alcoholic beverages.

6.    You shall refrain from possessing any firearm – including long or short firearms and explosives – during the term of the diversion program, and thereafter unless your right to possess a firearm has been expressly restored as a matter of law.

7.    As a further condition of the pretrial diversion agreement, you, the Defendant, and your counsel, Ms. Walstrom, stipulate and agree that, should the Government decide to proceed with the prosecution for any of the reasons indicated above, the following facts are admissible as evidence and shall be admitted against you at trial and you agree that you will not object to the

admission of these facts, and you agree that said facts are sufficient to sustain a conviction pursuant to Title 18, United States Code, Section 922(a)(6):

    a.    On or about March 24, 2004, at Kennewick, Washington, Lloyd Edward Pielstick purchased a firearm, to wit, a Marlin Model 60 .22 caliber rifle, serial number 13345294, from Hole in the Wall Hunting and Fishing Supplies of Kennewick, Washington.

    b.    Hole in the Wall Hunting and Fishing Supplies is a federally licensed firearms dealer.

    c.    While purchasing the above-described rifle, Lloyd Edward Pielstick knowingly made a false written statement to Hole in the Wall Hunting and Fishing Supplies on an ATF Form 4473, knowing that the false statement would deceive Hole in the Wall Hunting and Fishing Supplies as to the lawfulness of said sale and cause them to sell the above-described firearm to Lloyd Edward Pielstick.

    d.    The false statement was material to the purchase of the firearm.

    e.    The false statement consisted of the following: Lloyd Edward Pielstick knowingly answered "no" to question 12(c) on the ATF Form 4473 which he completed. That question asked Lloyd Edward Pielstick if he "had been convicted in any court of a **felony,** or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?."

    f.    At the time of the purchase of the above-described rifle, Lloyd Edward Pielstick knew that he had been convicted of Delivery of Marijuana for Consideration on June 29, 1988, Union County, Oregon, Circuit Court under Cause # 88-05-31869, and Possession of Cocaine on June 28, 1988, Cause # 88-05-31860, in that same court, both convictions being felonies punishable by imprisonment for more than one year.

Lloyd Edward Pielstick certifies that he is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.  Mr. Pielstick is also aware that Rule 48(b) of the Federal Rules of Criminal Procedure

provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. Mr. Pielstick hereby requests that the United States Attorney for the Eastern District of Washington defer any prosecution of him for violation of Title 18, United States Code, Section 922(a)(6), for a period of 12 months, and to induce him to defer such prosecution Mr. Pielstick agrees and consents that any delay from the date of this agreement to the date of the initiation of the prosecution as provided for in the terms expressed herein, shall be deemed to be necessary delay at his request and Mr. Pielstick waives any defense to such prosecution on the ground that such delay operated to deny his rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of 12 months, which is the period of this agreement.

I hereby state that the above has been read and explained to me. I understand the conditions of my Pretrial Diversion Agreement, and agree that I will comply with them.

_Lloyd Edward Pielstick_    4-11-05
Lloyd Edward Pielstick        DATE
Defendant


_Anne Walstrom_    4/7/05
Anne Walstrom        DATE
Defense Counsel



JAMES A. MCDEVITT
United States Attorney


_Gregory M. Shogren_    4-20-05
GREGORY M. SHOGREN        DATE
Assistant United States Attorney



P00908KV.GSA                    4

_____
Curt Hare
U.S. Probation Officer

_____
May 3 2005
DATE

Reviewed and Approved:

_____
DONALD E. KRESSE, JR.
Supervising Assistant United States Attorney

_____
4/21/05
DATE

_____
Wm. Fremming Nielsen
Senior Judge, United States District Court

_____
5/4/05
DATE